UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:10-07-DLB-4

| | |
|---|---|
| UNITED STATES OF AMERICA, | PLAINTIFF, |
| V. | **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| SHANTA JACKSON, | DEFENDANT. |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

This matter came before the Court for a final revocation hearing on October 15, 2015, based upon alleged violations of the terms of supervised release as set out in the reports of February 18, 2014, and an Addendum dated October 6, 2015.  The reports outline various violations of Defendant's Supervised Release.  At the final hearing, Jackson was present and represented by appointed counsel, Patrick O'Neill, and the United States by and through Assistant United States Attorney Tony Bracke.  During the hearing, Jackson stipulated to all violations as outlined in the reports, waived her right of allocution before a United States District Judge and exercised her right of allocution before the undersigned. The parties jointly recommended that the Court impose a term of incarceration of seven (7) months of incarceration with no supervised release to follow.   For the reasons that follow, the undersigned finds Jackson guilty of the violations outlined in the reports, and recommends that the Court impose a sentence of seven (7) months incarceration, with no supervised release to follow.

**FINDINGS OF FACT**

Jackson stated that all facts contained within the Violation report of February 18, 2014, and the addendum of October 6, 2015, were true.  She further, in her own words, the facts as alleged

supporting violations at the hearing. Specifically, she informed that court that, as alleged, she had illegally possessed marijuana, committed the crime of Monetary Instrument abuse in Louisiana, failed to report to her supervising probation officer as required to do, failed to make restitution payments as required, and absconded from supervision, thereby failing to notify the supervising officer prior to changing her address. Finally, she admitted that when she was arrested she was found to be in the company of Harold James, a convicted felon. She had no prior permission or authorization from the probation office to associate with him. As a result of her admitted conduct, the Court finds by a preponderance of the evidence that she has violated the following conditions of supervised release:

FROM THE VIOLATION REPORT OF FEBRUARY 8, 2014:

(1) Violation No. 1: the defendant changed her residence without notifying her probation officer of her whereabouts (Grade C Violation);

(2) Violation No. 2: The Defendant failed to submit monthly supervision reports for the months of November, 2013, December 2013 and January, 2014 (Grade C Violations);

(3) Violation No. 3: The Defendant failed to pay restitution for the months of November, 2013, December 2013 and January, 2014 (Grade C Violations).

FROM THE ADDENDUM OF OCTOBER 6, 2015:

(1) Violation No. 1: Standard Condition #7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. (Grade C Violation stemming from her possession of marijuana);

(2) Violation No. 2: Supervised Release Condition: The defendant shall not commit another federal, state, or local crime. (Grade B Violation stemming from her plea of guilty to Possession of

Marijuana in Gretna, Louisiana on September 15, 2014);

(3) Violation No. 3: Supervised Release Condition: The defendant shall not commit another federal, state or local crime. (Grade C Violation stemming from her use of a forged instrument); and,

(4) Violation No. 4: Supervised Release Condition: The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer. (Grade C Violation, due to the fact that, when arrested, she was found to be in the presence of Harold James, a convicted felon and co-defendant in the underlying action.)

## ANALYSIS

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

**(I) The History and Characteristics of the Defendant, and the nature and circumstances of the offense.** On January 10, 2011, Jackson was sentenced to 21 months imprisonment, to be followed by a three-year term of supervised release, after pleading guilty to Conspiracy to Conspiracy to Manufacture, Utter and Possess Counterfeit Checks. On February 17, 2012, she began her supervision. The offense conduct in that action involved Jackson aiding and abetting other co-conspirators in cashing counterfeit checks at various businesses in the Ashland, Kentucky area. She was responsible for $64,947.53 in restitution to the victims of the offense. Finally, she was considered to be a manager or supervisor of the offense conduct.

The conduct leading to the current violations began in November, 2013, when she first failed to file a monthly report with her supervision officer, and failed to make the required restitution payments. This conduct continued and in January 13, 2014, she was found to have vacated her residence without reporting the change of address to the officer. Her whereabouts remained

unknown until, on June 16, 2014, she was found to be in the presence of Harold James, a convicted felon, and was arrested by officers from the Gretna, Louisiana Police Department, and charged with possession of marijuana and Monetary Instrument Abuse. Ultimately, on September 15, 2014, she plead guilty to both offenses.

**(II)  The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.**    The Defendant has a criminal history category of I.  In making a recommendation in this matter, the Court is cognizant of the fact that when arrested in Louisiana, Jackson was charged and ultimately plead guilty to conduct constituting Monetary Instrument Abuse, which is the same conduct for which she was convicted in this action.  As a result of being convicted in Louisiana, she was sentenced to a period of incarceration in the Louisiana Department of Corrections, and was not before the Court in this action until paroled in Louisiana.  Upon her parole, she came into federal custody to answer to the charges in this action.  Considering all of the above information, the Court believes that the recommendation jointly asserted by the parties represents a fair and just outcome of her violations in this action. The recommended sentence is severe enough to act as a deterrent to future violations, thus providing some protection for the public, and simultaneously promoting respect for the law.

**(III) The sentencing guideline recommendation for imprisonment and statutory limitations.**  In the instant matter, the most serious of the violations committed by the Defendant is a Grade B violation, and under § 7B1.1, based on the Defendant's criminal history category of I, the guideline range of imprisonment would be four (4) to ten (10) months.  The maximum period of incarceration, should her supervised release be revoked, is not more than two years, pursuant to

18 U.S.C. 3583(e)(3).

## **RECOMMENDATION**

The undersigned in making a recommendation, has considered the facts set out above in accordance with controlling law, the Defendant's past and continuing criminal conduct, the serious nature of the instant violations, and the parties' joint recommendation regarding the appropriate length of the Defendant's sentence.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That the Defendant be found to have committed the violations listed above, based upon her testimony, and stipulation; and

(2) That the Defendant's supervised release be REVOKED, and she be sentenced without delay to seven (7) months incarceration, with no supervised release to follow.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed October 16, 2015.



Signed By:
Edward B. Atkins   *EBA*
United States Magistrate Judge